UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TONI McCAIN,

       Plaintiff,

v.                                         Case No. 1:06-cv-660
                                            Hon. Gordon J. Quist

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.

_____/

**REPORT AND RECOMMENDATION**

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner). This matter is now before the court on defendant's motion to dismiss plaintiff's complaint as untimely (docket no. 5).

**I.    Background**

Plaintiff filed an application for disability insurance benefits (DIB) and Supplemental Security Income payments (SSI) on July 23, 2004, alleging disability beginning on August 1, 2003. ALJ's Decision (October 14, 2005) attached to defendant's brief. The ALJ denied plaintiff's claim and found that she was not disabled as defined in the Social Security Act. *Id.* The Appeals Council denied plaintiff's request for review on July 7, 2006. Notice of Appeals Council Action attached to defendant's brief. Plaintiff filed her complaint to appeal this decision on September 12, 2006. *See* docket no. 1. Defendant contends that the complaint should have been filed on September 11, 2006 and seeks to dismiss the complaint as untimely.

**II.     Legal standard**

Judicial appeals of Social Security decisions are authorized by 42 U.S.C. § 405(g), which provides in pertinent part:

> Any individual after any final decision of the Commissioner made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow.

42 U.S.C. § 405(g) (emphasis added).  The regulations provide that such a civil action:

> must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the administrative law judge's decision . . . is received by the individual. . . For purposes of this section, the date of receipt of notice of denial of request for review of the presiding officer's decision . . . shall presumed to be 5 days afer the date of such notice, unless there is a reasonable showing to the contrary.

20 C.F.R. § 422.210(c).

Defendant brings this motion pursuant to Fed. R. Civ. P. 12(b)(1) and (6).  Because the gist of defendant's motion is that plaintiff failed to file his federal suit within the sixty-day statute of limitations, the court will view this motion as brought pursuant to Fed. R. Civ. P. 12(b)(6) (failure to state a claim upon which relief can be granted).  *See Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir. 1978) ("[w]hile the seven enumerated defenses in Rule 12(b) do not expressly mention an objection based on the bar of the statute of limitations, the prevailing rule is that a complaint showing on its face that relief is barred by an affirmative defense is properly subject to a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted").

However, because defendant has expanded the record by including a declaration and portions of the administrative record, the court will treat the motion as one for summary judgment pursuant to Rule 56.  *See* Rule 12(b). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,

show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995), the court set forth the standard for deciding a motion for summary judgment:

> The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Copeland*, 57 F.3d at 478-79 (citations omitted). "In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party." *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).

### III. Discussion

The sixty-day statute of limitations as set forth in § 405(g) serves the dual purpose of eliminating stale claims and providing "a mechanism by which Congress was able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually. *Bowen v. City of New York*, 476 U.S. 467, 481 (1986). However, this limitation is not jurisdictional and is subject to equitable tolling. *See Bowen*, 476 U.S. at 478-80; *Cook v. Commissioner of Social Security*, -- F.3d --, No. 06-5429, slip op. at 4 (6th Cir. March 21, 2007); *McMahan v. Barnhart*, 377 F. Supp. 2d 534, 535 (W.D. Va. 2005).

#### A. Plaintiff's complaint was untimely

"A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. Filing papers with the court "shall be made by filing them with the clerk of court." Fed. R. Civ. P. 5(e). The local court rules provide the following guidelines for filing papers in this court:

>    **Place of Filing.**  Pleadings and other papers may be filed with the Clerk at any divisional office. . .  A locked filing depository is provided for filing documents during business and certain non-business hours.  The Clerk will retrieve documents from the filing depositories twice during each business day. Documents are considered filed with the Court on the date and at the time indicated by the time stamp provided at each filing depository.  Documents that are not stamped with the time stamp will be considered filed with the Court on the date and time they are retrieved by the Clerk's office.

W.D. Mich. LCivR 5.4.

The record reflects that the Appeals Council denied plaintiff's request for review on July 7, 2006.  Plaintiff's complaint should have been filed within 65 days (i.e., the 60-day statute of limitations plus the five-day presumption of receipt), on or before Sunday, September 10th.  *See Cook*, No. 06-5429, slip op. at 3.  Because the 65th day fell on a Sunday, the complaint was due on the next business day, Monday, September 11th.  *Id.*  Plaintiff admits that she filed the complaint on September 12th.  Courts have strictly construed the statute of limitations in Social Security appeals brought pursuant to § 405(g), dismissing appeals in which the claimant missed the filing deadline by a single day.  *Id.*, slip op. at 4-5; *Wiss v. Weinberger*, 415 F. Supp. 293, 294 (E.D. Pa. 1976); *Davidson v. Secretary of Health, Education and Welfare*, 53 F.R.D. 270, 271 (N.D. Okla. 1971).  Accordingly, the court concludes that plaintiff's complaint is untimely and subject to dismissal.

### B.    Equitable tolling

Although plaintiff does not explicitly request the court to equitably toll the statute of limitations, such a request is implicit from her court filings. There are five factors to be considered in determining whether a statute of limitations  is subject to equitable tolling:  (1) the plaintiff's lack of notice of the filing requirement; (2) the plaintiff's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the

defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001). These five factors are not comprehensive, nor are the factors relevant in all cases. *Amini v. Oberlin College*, 259 F.3d 493, 500 (6th Cir. 2001). The Sixth Circuit has repeatedly emphasized that equitable tolling should be applied "sparingly." *Dunlap*, 250 F.3d at 1008-1009; *accord Amini*, 259 F.3d at 500 ("[t]his circuit has repeatedly cautioned that equitable tolling relief should be granted only sparingly").

Plaintiff explains that her filing was late because she retained her current attorney very shortly before her filing deadline and because of "the need for obtaining information regarding her financial status." Plaintiff's Response. Neither of these explanations provide the type of exceptional circumstances in which the statute of limitations should be equitably tolled. *Dunlap*, 250 F.3d at 1008-1009. Plaintiff does not claim that she lacked actual or constructive notice of the filing requirement, or that she was reasonably ignorant of that requirement. *Id.* at 1008. The record reflects that plaintiff and her counsel were aware of the filing requirements, but simply failed to meet them.

Finally, plaintiff could have, but did not, seek an extension of time from the Appeals Council to file his complaint for court review. In the recent decision of *Cook v. Commissioner of Social Security*, in which the claimant filed his district court appeal one day late, the Sixth Circuit found that the failure to seek an extension of time from the agency was germane to determining the issue of equitable tolling:

> In addition, the Appeals Council's notice states that a claimant may ask the Council for an extension of time to file for court review and explains how and to whom such a request must be made. ("You must have a good reason for waiting more than 60 days to ask for court review. You must make the request in writing and give your reason(s) in the request.") Cook does not allege that he requested an extension or communicated with the SSA in any way prior to filing his complaint in

>federal court, nor does he offer any excuse for why he could not have filed well within the 60-day filing period. Although allowing Cook to file his complaint one date late likely would create little prejudice to the Commissioner in this particular case, we are mindful of the fact that there are millions of applicants for Social Security benefits each year, and that the lack of a clear filing deadline could create havoc in the system.
>
>We therefore conclude that Cook's equitable-tolling claim is without merit in light of the five factors set out in *Dunlap*. In the end, this case is a classic reminder of the risks that applicants take for no apparent reason by waiting until the very end of a filing period to initiate their lawsuits.

*Cook*, -- F.3d --, slip op at 5.

Under the circumstances of this case, and applying the *Cook* decision, I am constrained to state that I find no basis to apply equitable tolling to this action.

### III.   Recommendation

I respectfully recommend that defendant's motion to dismiss (docket no. 5) be **GRANTED** and that the complaint be dismissed as untimely.


Dated:  June 11, 2007                        /s/ Hugh W. Brenneman, Jr.
                                             Hugh W. Brenneman, Jr.
                                             United States Magistrate Judge



ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).